# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JAMES LEE BALLARD,**
**# ASO13MNI009026,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No.  4:22cv445-MW-MAF**

**STATE OF FLORIDA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on December 12, 2022, by submitting a handwritten document which was titled as a "writ of mandamus." ECF No. 1. An Order was entered on December 15, 2022, advising Plaintiff that if he desired to continue with a case in this Court, he must either pay the filing fee or submit an in forma pauperis motion. ECF No. 3. On December 27, 2022, Plaintiff filed two motions, a motion to invoke a court order, ECF No. 4, and a motion for leave to proceed in forma pauperis, ECF No. 5. In addition, Plaintiff filed a prisoner consent form and financial certificate. All of these documents have been reviewed.

In Plaintiff's first motion, ECF No. 4, Plaintiff contends that officials at the Alachua County Jail refuse to provide him with an inmate bank account statement for the six month period of time prior to case initiation. Plaintiff's motion is conclusory, and unsupported by identification of any specific person who has refused to provide the statement. Moreover, Plaintiff has filed numerous prior cases in this Court and was able to provide the account statement. *See, e.g.*, ECF No. 9, case # 4:22cv183-WS-MAF; ECF No. 9, case # 4:22cv183-WS-MAF; ECF Nos. 2 and 6, case # 4:22cv264-MW-MAF; ECF No. 20, case # 1:22cv02-AW-HTC; and ECF No. 2, case # 1:22cv128-AW-ZCB.[1]

Plaintiff's second motion includes a financial affidavit, ECF No. 5, declaring Plaintiff is unable to pay the filing fee for this case. Although the affidavit is not properly supported by copies of Plaintiff's inmate bank account statement as required by 28 U.S.C. § 1915, the Court has determined that Plaintiff is not entitled to proceed in this case with in forma pauperis status.

---

[1] This is not a complete listing of Plaintiff's cases filed or in forma pauperis motions submitted, but is sufficient to demonstrate that Plaintiff knows how to obtain the necessary statements and that officials at the jail have provided them to Plaintiff.

The statute that permits granting leave to proceed in forma pauperis defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff is a "prisoner" as defined by the statute.

Furthermore, the statute provides that a "prisoner" may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's litigation history has been reviewed and that review shows that Plaintiff has had more than 3 cases dismissed for reasons listed in § 1915(g).

Plaintiff filed case number 4:22cv183-WS-MAF on May 11, 2022. The case was dismissed on October 5, 2022. ECF No. 22 of that case. The basis for dismissal was that the complaint failed to state a claim,

Plaintiff failed to honestly disclose his prior litigation, and he sought "monetary relief against a defendant who is immune from such relief." *Id.* The first and third reasons are listed in 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Plaintiff also filed case number 1:22cv103-AW-MAF on May 10, 2022. That case was dismissed on July 28, 2022, for Plaintiff's failure to disclose his prior litigation. ECF No. 18 of that case. A dismissal for failing to disclose all prior cases counts is deemed to be abuse of the judicial process and counts as a "strike" under 28 U.S.C. § 1915(e)(2)(B)(i). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011); Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008) (explaining "that a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious: 'dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).'")(quoting Rivera)). That dismissal counts as a second strike.

Plaintiff also filed case number 1:22cv104-AW-MJF which as dismissed on July 28, 2022. ECF No. 21 of that case. Again, the basis for

dismissal was Plaintiff's failure to disclose prior litigation. That dismissal counts as Plaintiff's third strike.

While three strikes is sufficient to deny in forma pauperis process, the Court notes that Plaintiff has also received a fourth strike.[2] Case number 4:22cv266-MW-MAF was filed on July 18, 2022, and dismissed on September 12, 2022. ECF No. 16 of that case. The basis for dismissal was failure to disclose prior litigation, and for suing a defendant who is immune from monetary relief. As noted above, those reasons count as strikes under § 1915(e)(2)(B)(i),(iii).

Because Plaintiff has more than three strikes, he may only proceed in this case with in forma pauperis status if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is not. He initiated this case seeking a writ of mandamus and alleged that he has been falsely accused and wrongfully arrested based on "falsified allegations and a fraudulent probable cause statement . . . ." ECF No. 1 at 1. Plaintiff contends he has been denied due process, the effective assistance of counsel, and access to court. *Id.* at 1-4. Plaintiff seeks issuance of an

---

[2] There may have been more dismissals which count as strikes, but four is sufficient for purposes of this Report and Recommendation.

order of mandamus to require the state court to dismiss the criminal charges against him. *Id.* at 5. Because Plaintiff is not facing imminent danger, he is not entitled to proceed with in forma pauperis status.

Thus, all of Plaintiff's pending motions should be denied and this case dismissed. Dismissal should be without prejudice to Plaintiff's ability to assert the same allegations in a complaint for which he pays the full $402.00 filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.* "When a prisoner with three strikes is denied IFP status under § 1915(g), the proper course is to dismiss the prisoner's complaint without prejudice." Daker v. Ward, 999 F.3d 1300, 1310 (11th Cir. 2021) (citing Mitchell v. Nobles, 873 F.3d 869, 872 (11th Cir. 2017)).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 5, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's motion to invoke a court order, ECF No. 4, be

**DENIED** along with any other pending motions that may be filed, and this case be **DISMISSED without prejudice** to Plaintiff's refiling this case if he simultaneously submits the filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv445-MW-MAF